JS-6

Mary K. Alejandro
Acting Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1219722)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
   Telephone: (213) 894-4983
   Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                           Plaintiff,<br>              v.<br><br>**C & J WEAR, INC. doing business as JUSTIFIED/S-12 COLLECTION/S-TWELVE**<br><br>                           Defendant. | Case No.: CV 12-01519 MMM (AGRx)<br><br><br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant C & J Wear, Inc. doing business as Justified/S-12 Collection/S-Twelve ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

   A.   The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

   B.   The Defendant has appeared by counsel and acknowledges receipt of a copy of the Secretary's Complaint.

   C.   The Defendant waives issuance and service of process and waives answer

and any defenses to the Secretary's Complaint.

D.   The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.   The Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with it who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1)   Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

2)   Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of S & S Mode, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, an amount sufficient to cover the back wages due to these employees under the FLSA.  The amount hereby found due to these employees, as listed on the attached Exhibit 1, is $30,909.27 for the period from December 19, 2009 through December 19, 2011.

The provisions of this paragraph are deemed satisfied by Defendant's having pre-

viously deposited funds with the Department of Labor from which this amount is withdrawn;

3) The attached Exhibit 1 shows the names of each employee of S & S Mode, Inc., the period of employment covered by this Consent Judgment, and the gross back-wage amount due to the employee. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, after making required deductions and forwarding said funds to the appropriate agencies, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

4) Within 30 days of the entry of this Judgment, Defendant shall hire an independent third party to monitor all of its sewing, cutting, finishing, trimming and printing contractors (hereafter "contractor(s)") to enforce the contractors' compliance with the FLSA. The monitor is deemed independent only so long as it does not represent either the manufacturer or contractor involved in this action in any other dealings with other parties or the Department of Labor.

The monitoring program shall include the following components:

a. Random and unannounced site visits to each contractor, at least on a quarterly basis;

b. Review of each contractor's timecards and payroll records on at least a quarterly basis;

c. Private and confidential interviews of at least 20% of each contractor's current employees to determine the hours they work and the wages they are paid;

d. Disclosure to each contractor and Defendant of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the con-

tractor.

The monitor shall produce written reports of its findings to the Defendant which Defendant shall maintain for a period of three years. Defendant shall supply copies of these reports to representatives of the Secretary of Labor upon their request;

5) On at least an annual basis, Defendant shall hire an independent third party to conduct a pricing analysis of a representative sample of the different types of garments produced by Defendant to determine whether the fees Defendant pays to its contractors for their work on Defendant's goods are sufficient in light of the wage requirements of the FLSA. Defendant shall maintain documentation of these analyses for a period of three years and provide it to representatives of the Secretary of Labor upon their request;

6) Defendant shall discuss the following subjects with the owner or top management official of all contractors with whom it does business in order to assess the contractor's willingness and ability to understand and comply with the FLSA prior to entering into any agreement with the contractor for its services. Defendant shall maintain for a period of three years documentation showing that these subjects have been discussed and produce this documentation to representatives of the Secretary of Labor upon their request:

    A. The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

    B. Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

    C. The contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

    D. The contractor's obligation to inform Defendant immediately whenever the contractor is unable to meet any requirement of the FLSA;

E.  The contractor's obligation to maintain true and accurate payroll records, and records of hours worked by all persons who work on goods produced for the Defendant and provide these records to Defendant on a weekly basis.

Defendant shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

7)  Defendant shall review the time and payroll records submitted by its contractors on a monthly basis, maintain these records for a period of three years and produce these records to representatives of the Secretary of Labor upon their request;

8)  Defendant shall maintain for a period of three years copies of all cutting tickets issued to their contractors and supply copies of these records to representatives of the Secretary of Labor upon their request;

9)  Defendant shall maintain records of all shipments made to retailers for at least three years from the date the shipment was made and supply copies of these records to representatives of the Secretary of Labor upon their request;

10)  Defendant shall supply all of its contractors with copies of the attached Exhibit 2, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English, Spanish and Korean versions are attached.  Defendant shall ensure that its contractors distribute a copy of Exhibit 2 to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of its contractor's establishments; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

|   |   |
|---|---|
| 1 | SO ORDERED |
| 2 | Dated: February 29, 2012 |

*Margaret M. Morrow*
U.S. DISTRICT COURT JUDGE

For the Defendant:

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____     _____
     CALVIN KIM                                                        Date
Its: __Owner_____

Attorneys for the Defendant

LAW OFFICES OF ELLIOTT KIM

_____     _____
HAEWON KIM                                                     Date
Law Offices of Elliott Kim
3550 Wilshire Boulevard, Ste. 730
Los Angeles, CA  90010

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

MARY K. ALEJANDRO
Acting Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____     _____
SUSAN SELETSKY, Attorney                      Date
Attorneys for the Plaintiff
U.S. Department of Labor

FEB-16-2012 THU 03:06 PM LAW OFFICES OF ELLIOTT K    FAX NO. 2133887911    P. 07

SO ORDERED

Dated: _____, 2012

_____
U.S. DISTRICT COURT JUDGE

For the Defendant:

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____    2.16.12
CALVIN KIM                         Date
Its: Owner

Attorneys for the Defendant

LAW OFFICES OF ELLIOTT KIM

_____    Feb 16. 2012
HAEWON KIM                    Date
Law Offices of Elliott Kim
3550 Wilshire Boulevard, Ste. 730
Los Angeles, CA 90010

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

MARY K. ALEJANDRO
Acting Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____    Feb 29 2012
SUSAN SELETSKY, Attorney      Date
Attorneys for the Plaintiff
U.S. Department of Labor

Consent Judgment (Sol #1219722)                Page 6 of 10

Exhibit 1

| Last Name | First Name | Start Date | End Date | Gross Due |
|---|---|---|---|---|
| Cabrera | Erik | 7/12/2011 | 12/13/2011 | $714.55 |
| Cho | Kyongsuk | 7/12/2011 | 12/13/2011 | $894.32 |
| Choz | Carlos | 1/5/2010 | 8/9/2011 | $5,681.60 |
| Coz | Sara | 7/12/2011 | 11/29/2011 | $687.48 |
| Cruz | Marie | 1/5/2010 | 8/9/2011 | $5,953.62 |
| Diaz | Manuel | 1/5/2010 | 12/13/2011 | $1,156.54 |
| G. | Francisco | 8/16/2011 | 10/11/2011 | $1,004.00 |
| Garcia | Cecilia | 9/13/2011 | 12/13/2011 | $1,385.62 |
| Gonzalez | Gonzalo | 9/13/2011 | 12/13/2011 | $1,901.74 |
| Garcia | Janett | 7/12/2011 | 12/13/2011 | $1,139.46 |
| Hernandez | Sebastiana | 7/12/2011 | 12/13/2011 | $873.98 |
| Huinac | Seberiano | 7/19/2011 | 12/13/2011 | $495.54 |
| Mendez | Brenda | 1/4/2011 | 12/13/2011 | $1,540.63 |
| Navarro | Marta | 11/15/2011 | 12/13/2011 | $444.30 |
| R. | Saul | 9/20/2011 | 12/13/2011 | $2,216.15 |
| Renoj | Roselia | 7/19/2011 | 12/13/2011 | $511.30 |
| Son | Juan | 10/11/2011 | 12/6/2011 | $612.50 |
| Son | Timoteo | 8/16/2011 | 12/13/2011 | $1,743.36 |
| Unknown | Tomas | 7/12/2011 | 10/11/2011 | $354.03 |
| Unknown | Violeta | 8/16/2011 | 11/29/2011 | $1,598.55 |

Exhibit 2

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **S-Twelve**, a garment manufacturer, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.  All employees who work in this establishment can help **S-Twelve** not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call S-Twelve at  (213) 746-7722**  Or, you can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.

Exhibit 2

**NOTICIA LEGAL A TODOS LOS EMPLEADOS**

La Ley de Normas Razonables de Trabajo determinan que se les debe de pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que todo empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague el sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **S-Twelve,** una fábrica de ropa, de enviar la producción a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la Ley de Norma Razonables de Trabajo. Todos los empleados que trabajan en éste establecimiento pueden ayudar a **S-Twelve,** a no violar la orden de la Corte. Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llame a **S-Twelve**, al número (213) 746-7722, o usted también puede llamar directamente al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (213) 894-6375. Su llamada será confidencial.

# 모든 직원에게 법적 공지문

미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라 최소 임금을 받을 수있도록 규정하고 있습니다.

그리고 또한, 일주일에 40 시간 이상 근무하였을때 초과 시간에 1.5 배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고 있습니다.

모든 직원은 40 시간 초과 근무했을 때, 시간제 임금을 받거나 생산 성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을 수 있습니다.

노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정 근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을 직원에게 지불하지 않은 물품을 의류 제조 업체인 **S-Twelve** 가 발송하지 못하게 명령하였습니다.

이 공장에서 일하는 모든 직원은 **S-Twelve** 법정 명령을 준수 할수 있게 도을 수 있습니다.

법에 따른 임금을 받고 있지 않다고 생각하신다면 지금 **S-Twelve**, (213) 746-7722 전화 하십시오.

아니면, 미연방 노동청, 임금과 시간 부처로 (213) 894-6375 전화 하십시오.

당신의 이름은 비밀로 보장됩니다.